UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20671-CIV-MARTINEZ/MCALILEY

IRA BRAMAN and SUSAN KUHN,
*et al.*,

      Plaintiffs,

v.

GENERAL MOTORS, LLC,

      Defendant.
_____/

## ORDER FOLLOWING HEARING ON THIRD PARTY MOTIONS TO QUASH

This cause is before the Court on the Motions to Quash Subpoenas and Motions for Protective Order filed by non-parties, Vera Cadillac-Buick-GMC [DE 47], Maroone Cadillac [DE 50], Morse Operations, Inc. [DE 54], and Williamson Cadillac [DE 65], referred to me by the Honorable Jose E. Martinez [DE 36]. Having reviewed the parties' submissions and the relevant law, I held a hearing on January 17, 2013.

The non-parties move to quash identical subpoenas issued to them by Plaintiffs, and in the alternative, move for protective orders. The subpoenas ask for seven categories of documents for a four-year time period. The non-parties argue the documents sought are irrelevant, contain trade secret and otherwise confidential information, and that production of such documents would be unduly burdensome. They further argued that much of the information sought could be obtained from Defendant. At the hearing, Plaintiffs represented

that they had issued document requests to Defendant and were in the process of meeting and conferring with the Defendant about those requests. Plaintiffs believe it possible that many of the documents requested from the non-parties may, in fact, be produced by the Defendant. If this occurs, it is likely to simplify or possibly eliminate the dispute with the third parties about their document production.

After hearing considerable argument from Plaintiffs and third parties, I determined at the hearing that the demands in the third party subpoenas are reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). I also concluded that a considerable number of the documents demanded are highly confidential, and if produced to Plaintiffs, would be subject to a confidentiality order that allows only Plaintiffs' outside counsel and retained experts to see the documents. I further found that, in the event document production from the Defendant does not eliminate the need for the third parties to produce documents, that the cost and burden of any document production by the third parties would be ameliorated by Plaintiffs' counsel inspecting, redacting and arranging for copying of documents, and that it would be reasonable for Plaintiffs' counsel to undertake these tasks. Finally, I stated that I would expect Plaintiffs to otherwise largely absorb the third parties' reasonable out-of-pocket costs associated with the production of their electronic and paper documents.

Given the likelihood that Plaintiffs may obtain much of the disputed discovery from Defendant, I found it reasonable to hold in abeyance the production of discovery from the

non-parties at this time, until Plaintiffs receive production from the Defendant and determine what, if any documents they need to obtain from the non-parties. That aside, the parties represented that they need more time to complete discovery, the deadline being February 21, 2013. This is a complex lawsuit based on antitrust and Florida statutory claims, and on this record it is clear to me that an extension of the discovery deadline is reasonable in this case. The parties should address any motion for enlargement of the discovery period to Judge Martinez.

Accordingly, for the reasons stated in open court, which are incorporated in this Order, it is hereby ORDERED that:

1. **On or before January 25, 2013**, Plaintiffs and Defendant shall complete the meet and confer process as to Plaintiffs' document requests. Should their conferral be unsuccessful and necessitate the filing of a motion to compel or motion for protective order, that motion(s) shall be filed **on or before January 28, 2013**, consistent with my discovery procedures.

2. The Motions to Quash Subpoenas and Motions for Protective Order filed by non-parties, Vera Cadillac-Buick-GMC [DE 47], Maroone Cadillac [DE 50], Morse Operations, Inc. [DE 54], and Williamson Cadillac [DE 65], are **HELD IN ABEYANCE**, pending further order of the Court. In the event the Plaintiffs renew their demand for some or all of the documents identified in the third party subpoenas, counsel for the parties must meet and confer by telephone or in person, consistent with the findings summarized in this

Order, in an concerted effort to reach agreement about the scope and manner of the production of documents to Plaintiffs. If Plaintiffs and the third parties reach agreement, they shall immediately notify the Court that the pending motions are withdrawn. If any dispute remains, they shall try to reach agreement how best to bring the remaining disputes back to this Court in a concise manner, and so notify the Court in a brief status report.

DONE AND ORDERED in chambers at Miami, Florida, this 18th day of January, 2013.

*[signature]*
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable Jose E. Martinez
All counsel of record